IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL CHILDS,

      Plaintiff,                    No. 2:12-cv-0309 MCE CKD PS

    vs.

UNITED STATES OF AMERICA,        FINDINGS AND RECOMMENDATIONS

      Defendant.

_____/

        Defendant's motion to dismiss came on regularly for hearing June 6, 2012. Plaintiff Carl Childs appeared in propria persona. Bobbie Montoya appeared for defendant. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims against an employee of the United States Postal Service arising out of a motor vehicle accident which occurred on December 26, 2009. The action was originally filed December 22, 2011 in state court and removed to this court on February 6, 2012. Defendant moves to dismiss for lack of subject matter jurisdiction.

        Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction

may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of proving that jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

The Federal Torts Claims Act ("FTCA") provides the exclusive remedy for torts committed by federal employees, as alleged in this action. 28 U.S.C. § 1346 (b)(1); see Pereira v. U.S. Postal Serv., 964 F.2d 873, 876 (9th Cir. 1992) (FTCA provides waiver of sovereign immunity only if such torts committed by private person would have given rise to liability under state law). Plaintiff contends the FTCA does not apply to the Postal Service. This contention is unavailing. See 39 U.S.C. § 409(c) (provisions of Title 28 relating to tort claims apply to tort claims arising out of activities of the Postal Service).

Plaintiff here correctly and timely filed a tort claim in compliance with the provisions of the FTCA. A final denial of plaintiff's claim was mailed to plaintiff on June 23, 2010. See Beatty decl., Exh. 6. Under 28 U.S.C. § 2401(b), an action must be filed in federal court within six months after the date of mailing of notice of final denial of the claim. See Dyniewicz v. United States, 742 F.2d 484 (9th Cir. 1984) (both time limitations in section 2401(b) must be met: claim must be filed with agency within two years of the claim's accrual and claimant must file suit within six months of administrative denial of claim.) The six month time limitation at issue here is jurisdictional and may not be extended by equitable considerations. See Marley v. U.S., 567 F.3d 1030 (9th Cir. 2009) (six month time limitation in

1  section 2401(b) jurisdictional; equitable doctrines may not be used to extend deadline).  This
2  action was filed December 22, 2011 and is therefore untimely.

3  Plaintiff contends that within six months of June 23, 2010, he requested
4  reconsideration of the final denial and therefore this action is not time barred.  However, the
5  letter on which he relies, dated September 4, 2010,[1] does not comport with the requirements for
6  requesting reconsideration.  Under 39 C.F.R. § 912.9(b), a request for reconsideration must be
7  filed with the postal official who issued the final denial of the claim.  Plaintiff's September 4,
8  2010 does not expressly request reconsideration of the June 23, 2010 final denial.  However,
9  even if construed as a reconsideration request, the letter was only faxed to the tort claims
10 coordinator, Yolanda Lewis,[2] who had been handling plaintiff's tort claim.[3]  The final denial was
11 issued by Susan Demko at the Tort Claims Accounting Service Center, located in St. Louis,
12 Missouri.  See Beatty decl., Exh. 6.  Because the September 4, 2010 letter was never filed with
13 the postal official who issued the final denial of the claim, plaintiff cannot invoke the additional
14 time allowed under 39 C.F.R. § 912.9(b) for filing an action in district court.  This action is
15 therefore time barred and the court has no jurisdiction to hear plaintiff's claim.

16  Accordingly, IT IS HEREBY RECOMMENDED that:
17  1. Defendant's motion to dismiss (dkt. no. 6) be granted;
18  2. This action be dismissed and the case be closed.
19  These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
21 fourteen days after being served with these findings and recommendations, any party may file

---

[1]  See letter dated 4 September 2010, dkt. no. 11 at p. 25.

[2]  The letter was faxed to an address in Oakland, California.

[3]  Defendant has submitted two additional affidavits in which Yolanda Lewis and Conny Beatty (USPS attorney at the National Tort Center) aver the September 4, 2010 letter was never received by the agency.

written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 7, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
childs.57